UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LESHAUN BENJAMIN,

                    Plaintiff,

        v.                                          Case No. 26-cv-570-pp

LT. BAURE and
IRIS TORRES, HSU Medical Director,

                    Defendants.

---

## ORDER SCREENING COMPLAINT UNDER 28 U.S.C. §1915A

---

Plaintiff Leshaun Benjamin, who is confined at the Sheboygan County Detention Center and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. The plaintiff has paid the full filing fee. This decision screens his complaint, dkt. no. 1.

## I.    Screening the Complaint

### A.    Federal Screening Standard

Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

1

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter C'nty Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. C'nty of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.    The Plaintiff's Allegations

The plaintiff alleges that on January 21, 2026, while he was a pretrial detainee at the Sheboygan County Detention Center, defendant Lieutenant Baure "refused to move [the plaintiff] after [he] was cleared from suicide watch over seven hours ago by Doctor Cody." Dkt. No. 1 at 2. The plaintiff states that he had a mental health meltdown and flooded his cell toilet. Id. Instead of moving the plaintiff to a safe environment, Baure allegedly told the plaintiff that he would not be moving to a clean cell until after he ate his dinner tray. Id. The plaintiff states that he warned Baure that he could not feed a person under such hazardous conditions. Id. Baure allegedly rolled his eyes and said, "I don't care[,] don't eat th[e]n." Id. The plaintiff states that he immediately became suicidal, which caused Baure to become so angry he attempted to Taser the plaintiff while he was standing in three inches of toilet water. Id. at 2-3.

The plaintiff alleges that shortly afterward he was placed into a clean cell and was complying with a strip search when he was asked to bend over and cough, which he did twice. Id. at 3. Baure allegedly was not satisfied, and he wanted the plaintiff to "open up his anus hole," which the plaintiff refused to do. Id. The plaintiff states that Baure became furious and denied the plaintiff a gown and blanket. Id. The plaintiff asserts that he felt violated in front of all the "women staff" looking at him, so he started punching the sprinkler on the ceiling and broke his right wrist. Id. The plaintiff states that Baure realized the plaintiff was having "psychosis" and told the plaintiff to calm down and comply.

3

Id. The plaintiff says that he then was allowed his gown and suicide blanket. Id.

The plaintiff alleges that all of this could have been prevented if defendant Iris Torres, the medical director, had "not been so racially motivated to deny [him] sufficient medical care for an ongoing urology issue as well as proper care for [his] broken jaw issue that [he] is still being deprived of which is contributing to [his] mental anguish and mental health deterioration." Id. The plaintiff states that he can barely eat, and he was offered only one peanut butter sandwich for dinner. Id.

The plaintiff claims that the defendants violated his constitutional rights. Id. For relief, he seeks compensatory and punitive damages. Id. at 4.

C.    Analysis

The Fourteenth Amendment applies to excessive force claims brought by pre-conviction detainees and the standard is solely objective. Hardeman v. Curran, 933 F.3d 816, 822 (7th Cir. 2019) (quoting Kingsley v. Hendrickson, 576 U.S. 389, 396-97 (2015)). "[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." Kingsley, 576 U.S. at 396-97. Objective reasonableness turns on the "facts and circumstances of each particular case." Kingsley, 576 U.S. at 397 (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)). The plaintiff may proceed on an excessive force claim against Baure in his individual capacity based on allegations that he attempted to Taser the plaintiff after the plaintiff said he was suicidal and was standing in three inches of water.

4

A pretrial detainee's claim of an unreasonable search is reviewed under the Fourth Amendment. <u>Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington</u>, 566 U.S. 318, (2012) (applying the Fourth Amendment to a strip search of a pretrial detainee); <u>see also</u> <u>Alicea v. County of Cook</u>, 88 F.4th 1209, 1216-17 (7th Cir. 2023). This is because a detainee is not a convicted person who must allege cruel and unusual punishment as required under the Eighth Amendment. Under the applicable Fourth Amendment standard, the detainee must successfully allege only that the search was unreasonable. This requires only an objective analysis rather than the dual objective and subjective analysis required under the Eighth Amendment. <u>See</u> <u>Henry v. Hulett</u>, 969 F.3d 769, 781 (7th Cir. 2020). The plaintiff may proceed on a claim under the Fourth Amendment based on allegations that Baure conducted an unreasonable strip search on him.

The plaintiff also appears to allege that Torres denied him proper medical care for a urology issue and a broken jaw, and that this may have contributed to his mental health breakdown. The plaintiff has not alleged sufficient facts regarding Torres's alleged treatment to determine if he states a claim against her. Even if he had, the plaintiff's allegations against Torres for deficient medical care do not appear to be related to his claims against Baure. Although it is appropriate for a plaintiff to file several claims against the same defendant, a plaintiff cannot bring unrelated claims against different defendants in the same case. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). A plaintiff may join multiple defendants in a single case only

if the plaintiff asserts that at least one claim against each defendant arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); George, 507 F.3d at 607; Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions"). The court will dismiss Torres because the plaintiff has not stated a claim against her.

## II.     Conclusion

The court **DISMISSES** defendant Iris Torres.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on defendant Lieutenant Baure under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** defendant Baure to file a responsive pleading to the complaint.

6

The court **ORDERS** that the parties shall not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by incarcerated individual. Entitled "Answers

7

to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 9th day of July, 2026.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**