UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LESHAUN BENJAMIN,

Plaintiff,

v. Case No. 26-cv-570-pp

BRANNON BAUER,

Defendant.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 8)**

---

Plaintiff Leshaun Benjamin, who is incarcerated at the Sheboygan County Detention Center and is representing himself, filed this lawsuit alleging violations of his constitutional rights. The court screened the complaint and allowed the plaintiff to proceed on claims that on January 21, 2026, defendant Lieutenant Brannon Bauer used excessive force against the plaintiff in violation of the Fourteenth Amendment and subjected him to an unreasonable strip search in violation of the Fourth Amendment. Dkt. No. 6 at 4-5. This order addresses the plaintiff's motion to appoint counsel. Dkt. No. 8.

In his motion to appoint counsel, the plaintiff states that he brings the motion "due to the complexity of this case[.]" Id. at 1. He says that he has tried to gather documents regarding the incident, but jail staff has not provided him with the documentation. Id. at 1. The plaintiff says that he does not have "proper education" to have a fair chance against the defendant. Id. The plaintiff also states that he contacted ten attorneys to help with the case, and he

includes letters from three of them. Id. The plaintiff asserts that he suffers from mental health issues and learning disabilities, and that he didn't finish high school. Id. at 1-2. He says that he is not equipped for self-litigation. Id. at 2.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To

demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff has satisfied the first requirement that he make a reasonable attempt to find a lawyer on his own, but he has not satisfied the

second requirement. The court allowed him to proceed on straightforward claims against one defendant. The plaintiff has personal knowledge of the events surrounding his claims and at the summary judgment stage, he may submit a declaration regarding his version of those events. The plaintiff's filings show that he can communicate well with the court and advocate for himself. After the defendant files an answer to the complaint, the court will issue a scheduling order setting deadlines for the parties to complete discovery and file motions for summary judgment. The scheduling order will contain information about how to engage in discovery. Based on the plaintiff's demonstrated abilities and the straightforward nature of his claims, he appears competent to participate in discovery and respond to a motion for summary judgment. For these reasons, the court will deny without prejudice the plaintiff's motion to appoint counsel.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 8.

Dated in Milwaukee, Wisconsin this 3rd day of August, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**