UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LESHAUN BENJAMIN,

Plaintiff,

v. Case No. 26-cv-570-pp

BRANNON BAUER,

Defendant.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S SECOND MOTION TO APPOINT COUNSEL (DKT. NO. 24)**

---

Plaintiff Leshaun Benjamin has filed his second motion to appoint counsel, dkt. no. 24, along with a supporting brief, dkt. no. 25. In support of his motion, the plaintiff states that he does not "possess the experties of obtaining the proper evidence to be suc[c]essful ag[a]inst the legal scholar who defendant has hired." Dkt. No. 24 (as in original). He asserts that he has a learning disorder and that he previously sent the court information about the lawyers he had contacted. Id. The plaintiff also states that jail officials are not being honest and that he "can't seem to get any record on [his] own." Id.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for

these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel."

Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-91. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

On August 3, 2026, the court denied without prejudice the plaintiff's first motion to appoint counsel. Dkt. No. 13. The court found that the plaintiff had satisfied the first requirement that he make a reasonable attempt to find a lawyer on his own, but that he had not satisfied the second requirement. Id at 3-4. The court's order states in relevant part:

> The court allowed [the plaintiff] to proceed on straightforward claims against one defendant. The plaintiff has personal knowledge of the events surrounding his claims and at the summary judgment stage, he may submit a declaration regarding his version of those events. The plaintiff's filings show that he can communicate well with the court and advocate for himself. After the defendant files an answer to the complaint, the court will issue a scheduling order setting deadlines for the parties to complete discovery and file motions for summary judgment. The scheduling order will contain information about how to engage in discovery. Based on the plaintiff's demonstrated abilities and the straightforward nature of his claims, he appears competent to participate in discovery and respond to a

> motion for summary judgment. For these reasons, the court will deny without prejudice the plaintiff's motion to appoint counsel.

Id. at 4.

The plaintiff is proceeding on claims that on January 21, 2026, the defendant used excessive force against him and subjected him to an unreasonable strip search. The plaintiff states that he has a learning disability, but he does not say how that hinders or prevents him from litigating this case. He also says that he has had difficulty getting records and that jail staff are not being honest. As explained in the court's scheduling order, the plaintiff may seek relevant discovery from the defendant by mailing his discovery requests directly to the defendant's lawyer. The plaintiff recently filed a discovery request with the court, dkt. no. 22, and the court mailed him a discovery notice that reiterated that the plaintiff must send his discovery requests directly to the defendant's lawyer, not to the court, dkt. no. 22-4. The court will become involved in discovery only if a party believes that the other party did not properly respond to a discovery request. The party who submitted the discovery request then may file with the court a motion to compel discovery explaining why he believes the other party did not properly respond to a discovery request and requesting the court to order the other party to properly respond. See Federal Rule of Civil Procedure 37(a). But before filing a motion to compel, the party must confer with the other party (by, for example, writing a letter to the other party) and try to resolve the issue without court action.

On September 3, 2026, the court issued a scheduling order setting a deadline of February 19, 2027 for the parties to complete discovery. Dkt. No.

21. Based on the plaintiff's filings and the nature of his claim, the court still believes that he can conduct discovery and respond to a summary judgment motion if the defendant files one. The court will deny without prejudice the plaintiff's second motion to appoint counsel.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 24.

Dated in Milwaukee, Wisconsin this 23rd day of September, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**